1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10    L. GREEN,

11              Plaintiff,                    No. CIV S-07-0811 MCE GGH P

12        vs.

13    JAMES E. TILTON, et al.,

14              Defendants.              ORDER

15    _____/

16              Plaintiff is a state prisoner proceeding pro se and in forma pauperis, who seeks

17    relief pursuant to 42 U.S.C. § 1983.  This action was severed from another action, Pogue v.

18    Tilton,Case No. CIV S-05-1873 MCE GGH P.  See, Order filed 4/30/07.  Plaintiff's first

19    amended complaint was dismissed, and plaintiff was granted leave to file a second amended

20    complaint.  Plaintiff in this case has filed a second amended complaint.

21              The court is required to screen complaints brought by prisoners seeking relief

22    against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

23    § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

24    claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

25    granted, or that seek monetary relief from a defendant who is immune from such relief.  28

26    U.S.C. § 1915A(b)(1),(2).

1      A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

2  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

3  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

4  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

5  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

6  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

7  Cir. 1989); Franklin, 745 F.2d at 1227.

8      A complaint, or portion thereof, should only be dismissed for failure to state a

9  claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set

10  of facts in support of the claim or claims that would entitle him to relief.  See Hishon v. King &

11  Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also

12  Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing

13  a complaint under this standard, the court must accept as true the allegations of the complaint in

14  question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the

15  pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.

16  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

17      In the action from which this case was severed, the motion for that action to be

18  certified as a class action was found deficient and was denied, and plaintiff Pogue therein was

19  directed to proceed in that case solely as an individual plaintiff; thereafter, as noted above,

20  Pogue's claims were severed from those of the seven other plaintiffs, including plaintiff herein,

21  and each was granted leave to amend to proceed on their separate claims.  See Orders, filed on

22  10/17/06, Case No. CIV S-05-1873 MCE GGH P; see also, Order, filed on 4/30/07.

23  Notwithstanding, plaintiff herein in the second amended complaint has named as defendants the

24  California Department of Corrections and Rehabilitation (CDCR); Jeanne Woodford, Roderick

25  Hickman; James Tilton; and "all unknown wardens of CDCR prisons, et al."

26      As to defendant CDCR, the Eleventh Amendment serves as a jurisdictional bar to

1  suits brought by private parties against a state or state agency unless the state or the agency

2  consents to such suit.  See Quern v. Jordan, 440 U.S. 332 (1979); Alabama v. Pugh, 438 U.S. 781

3  (1978)( per curiam); Jackson v. Hayakawa, 682 F.2d 1344, 1349-50 (9th Cir. 1982).  In the

4  instant case, the State of California has not consented to suit and the court finds that this

5  defendant should be dismissed.

6          As to naming all unnamed wardens of CDCR prisons (and firecamps) as

7  defendants, plaintiff has no standing to names these parties as defendants.  To the extent, plaintiff

8  seeks to sue any warden who is not the warden of the facility wherein he is incarcerated, he

9  appears to be attempting to circumvent the court's prior ruling that he may only proceed in this

10  action on his own behalf.  Halet v. Wend Inv. Co., 672 F.2d 1305, 1308 (9th Cir. 1982) (party

11  must assert [his] own rights not those of third parties), citing Duke Power Co. v. Carolina

12  Environmental Study Group, 438 U.S. 59, 80, 98 S.Ct. 2620, 2634 (1978); Warth v. Seldin, 422

13  U.S. 490, 499, 95 S.Ct. 2197, 2205 (1974).   Plaintiff has been granted leave to proceed only as

14  to claims of violations of his own constitutional rights or of his rights under RLUIPA[1] in the

15  practice of his Muslim religion at the facility wherein he is incarcerated.

16          The Civil Rights Act under which this action was filed provides as follows:

17          Every person who, under color of [state law] . . . subjects, or causes
           to be subjected, any citizen of the United States . . . to the
18          deprivation of any rights, privileges, or immunities secured by the
           Constitution . . . shall be liable to the party injured in an action at
19          law, suit in equity, or other proper proceeding for redress.

20  42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

21  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

22  Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

23  (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the

24  meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or

25  _____

26          [1] Religious Land Use and Institutionalized Persons Act.

1  omits to perform an act which he is legally required to do that causes the deprivation of which

2  complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

3         Moreover, supervisory personnel are generally not liable under § 1983 for the

4  actions of their employees under a theory of respondeat superior and, therefore, when a named

5  defendant holds a supervisorial position, the causal link between him and the claimed

6  constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862

7  (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S.

8  941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel

9  in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th

10  Cir. 1982).  To sue defendants Woodford, Hickman and Tilton in their individual capacities for

11  money damages, plaintiff must allege a link between their actions and the constitutional

12  deprivation which he has suffered.

13         However, just as it is not necessary to allege Monell[2] policy grounds when suing a

14  state or municipal official in his or her official capacity for injunctive relief related to a procedure

15  of a state entity, Chaloux v. Killeen, 886 F.2d 247 (9th Cir. 1989), it follows that it is not

16  necessary to allege the personal involvement of a state official when plaintiffs are attacking a

17  state procedure on federal grounds that relates in some way to the job duties of the named

18  defendant.  All that is required is that the complaint name an official who could appropriately

19  respond to a court order on injunctive relief should one ever be issued.  Harrington v. Grayson,

20  764 F. Supp. 464, 475-477 (E.D. Mich. 1991); Malik v. Tanner, 697 F. Supp. 1294, 1304

21  (S.D.N.Y. 1988).  ("Furthermore, a claim for injunctive relief, as opposed to monetary relief,

22  may be made on a theory of respondeat superior in a § 1983 action.");  Fox Valley Reproductive

23  Health Care v. Arft, 454 F. Supp. 784, 786 (E.D. Wis. 1978).  See also, Hoptowit v. Spellman,

24  753 F.2d 779 (9th Cir. 1985), permitting an injunctive relief suit to continue against an official's

25

26         [2]  Monell v. Department of Social Servs., 436 U.S. 658, 98 S. Ct. 2018 (1978).

4

1   successors despite objection that the successors had not personally engaged in the same practice

2   that had led to the suit.  However, because a suit against an official in his or her official capacity

3   is a suit against the state, a practice, policy or procedure of the state must be at issue in a claim

4   for official capacity injunctive relief.  Haber v. Melo, 502 U.S. 21, 25, 112 S. Ct. 358, 361-62

5   (1991).  To the extent that plaintiff seeks to allege that the state policy or procedure regarding

6   plaintiff's ability to practice the Muslim religion in the facility wherein he is incarcerated is

7   unconstitutional, plaintiff need only name in an official capacity, defendant Tilton, the present

8   Secretary of CDCR, and/or the warden of the facility wherein plaintiff is incarcerated.

9           The court observes that plaintiff is incarcerated at California State Prison (CSP)-

10  Solano.  The court takes judicial notice[3] that in the previously dismissed first amended

11  complaint, plaintiffs therein, including this plaintiff, averred that only at that facility, CSP-

12  Solano, were Muslim inmates granted the rights to which they were entitled under RLUIPA,

13  pursuant to Mayweathers v. Newland, 314 F.3d 1062, 1070 (9th Cir. 2002).[4]  See, First Amended

14  Complaint, filed in this action on 4/19/07, pp. 6-7.  It is therefore confusing that plaintiff now

15  seeks to proceed on his claims for violations of his First Amendment Free Exercise and RLUIPA

16  rights against defendants based on conditions at that same facility, CSP-Solano.  Plaintiff's

17  second amended complaint will be dismissed with leave to file a third amended complaint,

18  within thirty days of this order.  In doing so, plaintiff must specifically allege how his right to

19  practice his religion is being violated within the institution where he is incarcerated and not

20

21          [3] Judicial notice may be taken of court records.  Valerio v. Boise Cascade Corp., 80
22  F.R.D. 626, 635 n.1 (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir.), cert. denied, 454 U.S. 1126
    (1981).

23          [4] The court takes judicial notice that in Mayweathers v. Terhune, CIV S-96-1582 LKK
24  JFM P, restrictions on Muslim inmate religious practices at CSP-Solano were challenged in a
    class action seeking injunctive relief, whose members included all Muslim inmates at CSP-
25  Solano.  Plaintiffs' motion for summary judgment and permanent injunction was granted on June
    25, 2004.  Judgment in Mayweathers was entered on August 18, 2004, in accordance with the
26  orders in that case, filed on June 25, 2004, and August 18, 2004.  An amended joint order re:
    expungement of disciplinary records of the plaintiff class was filed on September 17, 2004.

1   speak broadly and generically to alleged policies or practices at all other CDCR facilities.

2          If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

3   conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See

4   Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms

5   how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless

6   there is some affirmative link or connection between a defendant's actions and the claimed

7   deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.

8   1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory

9   allegations of official participation in civil rights violations are not sufficient.  See Ivey v. Board

10  of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

11         In addition, plaintiff is informed that the court cannot refer to a prior pleading in

12  order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an

13  amended complaint be complete in itself without reference to any prior pleading.  This is

14  because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.

15  Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

16  pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

17  original complaint, each claim and the involvement of each defendant must be sufficiently

18  alleged.

19         Accordingly, IT IS HEREBY ORDERED that the second amended complaint is

20  dismissed for the reasons discussed above, with leave to file a third amended complaint within

21  thirty days from the date of service of this order.  Failure to file a third amended complaint will

22  result in a recommendation that the action be dismissed.

23  DATED:   10/1/07

24                                          /s/ Gregory G. Hollows
                                           _____
25                                          GREGORY G. HOLLOWS
                                           UNITED STATES MAGISTRATE JUDGE
26  GGH:009

gree0811.b